Duane Donald HODGE, Appellant,

v.

Georganna Carla SORBA, Appellee.

No. S–9587.

Supreme Court of Alaska.

Oct. 5, 2001.

David R. Edgren, Edgren & Associates, P.C., Anchorage, for Appellant.

Joseph R.D. Loescher, Hughes Thorsness Powell Huddleston & Bauman LLC, Anchorage, for Appellee.

Before FABE Chief Justice, and MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

EASTAUGH, Justice.

I. *INTRODUCTION*

Duane Hodge appeals the superior court's award of $22,594.50 in attorney's fees and $1,003.21 in costs to his ex-wife, Georganna Sorba, following their divorce proceeding. Because, contrary to Duane's argument, Georganna did not have a contingent fee agreement with her attorneys, and because the award was permissible under AS 25.24.140(a), we affirm the award.

II. *FACTS AND PROCEEDINGS*

Georganna Sorba filed a complaint for divorce from Duane Hodge on March 31, 1998. Georganna's original attorney, Mark Christensen, asked the superior court to award her interim attorney's fees of $2,500. The court granted Georganna a one-time interim spousal support award of $500. On October 29 the superior court granted Duane's motion to bifurcate the divorce proceeding from the proceedings regarding child custody, visitation, support, and property division.

Attorneys from the law firm of Hughes, Thorsness, Powell, Huddleston & Bauman, LLC (Hughes, Thorsness) entered an appearance for Georganna on December 8, 1998. Georganna had no income when she retained the Hughes, Thorsness firm. It agreed to represent her in exchange for whatever attorney's fees the court awarded in the case, and agreed not to collect any more than the award. The superior court entered the divorce decree on January 27, 1999. Hughes, Thorsness attorneys worked 5.9 hours on her case before the divorce decree was entered. After the divorce decree was entered, the firm represented Georganna in the various proceedings adjudicating child custody, support, and property division, and worked 152.4 hours. After resolving the remaining issues, the superior court awarded Georganna "reasonable attorney's fees" and requested briefing on the appropriate amount. Georganna moved for an award of $22,594.50 in attorney's fees and $1,003.21 in costs. The superior court granted Georganna's motion and ordered that she be paid the amount requested. The final decree of divorce was issued March 16, 2000.

Duane appeals the award of attorney's fees and costs.

## III. *DISCUSSION*

### A. *Standard of Review*

■ It is a question of law whether the superior court had authority under AS 25.24.140(a) to award attorney's fees, where the client agreed to pay her lawyers whatever fees the court might award her. We review that question de novo.[1] We will adopt the rule that best reflects precedent, reason, and policy.[2] If the superior court had authority to award attorney's fees under AS 25.24.140, it had broad discretion in deciding how to exercise that authority.[3] If the award

was authorized, it should " 'not be disturbed on appeal unless it is arbitrary, capricious, manifestly unreasonable, or stems from an improper motive.' "[4]

### B. *Did the Superior Court Have Authority to Award Attorney's Fees to Georganna Given Her Underlying Fee Arrangement?*

■ Alaska Statute 25.24.140(a) provides:

During the pendency of the [divorce] action, a spouse may, upon application and in appropriate circumstances, be awarded expenses, including (1) attorney fees and costs that reasonably approximate the actual fees and costs required to prosecute or defend the action; in applying this paragraph, the court shall take appropriate steps to ensure that the award of attorney fees does not contribute to an unnecessary escalation in the litigation. . . .

Alaska Bar Rule 35(d) provides:

An attorney will not enter into an agreement for, charge, or collect: (1) any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of alimony or support, or property settlement in lieu thereof, except an action to collect past-due alimony or support payments. . . .[5]

Duane argues that the underlying fee arrangement was a contingency fee arrangement and that the superior court consequently abused its discretion by awarding attorney's fees to Georganna. Duane implicitly argues that the nature of the fee agreement deprived the superior court of the authority to award attorney's fees, not merely that this award was an abuse of discretion. Duane argues that Bar Rule 35(d)(1) and Professional Conduct Rule 1.5(d) embody a state policy against contingency fee arrange-

---

1. *See Coleman v. Coleman,* 968 P.2d 570, 572–73 (Alaska 1998) (reviewing de novo superior court's decision to award ex-spouse attorney's fees under AS 25.24.140(a) in custody proceeding that was undertaken after divorce proceeding had been resolved).

2. *See Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

3. *See Coleman,* 968 P.2d at 572; *Jones v. Jones,* 835 P.2d 1173, 1179 (Alaska 1992).

4. *Notkin v. Notkin,* 921 P.2d 1109, 1114 (Alaska 1996) (quoting *Zimin v. Zimin,* 837 P.2d 118, 124 (Alaska 1992)).

5. Alaska Rule of Professional Conduct 1.5(d)(1) contains identical language.

ments in domestic proceedings, and reflect a state interest in preserving the institution of marriage. Likewise, he argues that either the rules themselves or the policies they embody denied the superior court the authority to enter this attorney's fee award.

We assume for discussion's sake that Duane is correct that these policies and rules would prohibit an award of attorney's fees under AS 25.24.140(d)(1) if the underlying fee arrangement is "contingent," as that term is used in Bar Rule 35(d) and Rule of Professional Conduct 1.5(d)(1). But Georganna's arrangement with her attorneys was not "contingent" under those rules or the policies underlying those rules. The superior court concluded that "[t]his is not a contingency fee, as that term is defined in Alaska Bar Rule 35(d)(1), as payment was not contingent on securing a divorce or on the amount of alimony, support or a property settlement." The superior court reasoned that the fee agreement

> is a form of a pro bono arrangement, by which counsel agreed to represent plaintiff in the hope that the court would award attorneys fees at the end of the case.... Evidently recognizing that plaintiff could not pay much in the way of fees, and that he was unlikely to obtain more than what the court awarded, counsel for plaintiff instead made an agreement that both reflected the reality that he perceived and provided a pro bono service to a client. To deny fees because the arrangement provided up front for what evidently would have happened anyway would be effectively to penalize counsel for plaintiff for taking the

realistic and pro bono approach that he did.

We agree with the superior court's characterization of the fee arrangement. Georganna's payment of fees for services the firm rendered was not contingent on successful prosecution of any given issue.[6] Rather, it turned on the financial resources of the parties. It therefore did not violate the prohibitions of the bar rules or rules of professional conduct.

Duane, in arguing that Georganna's fee agreement was contingent, relies on *Municipality of Anchorage v. Gentile*.[7] He argues that our characterization of the fee agreement in that case as a contingent fee arrangement also applies here. But the *Gentile* fee arrangement differed from Georganna's because the *Gentile* attorneys had agreed to accept whatever was awarded by the court under Alaska Civil Rule 82 or perhaps Alaska Civil Rule 23.[8] Those rules provide for fee awards to prevailing parties and consequently tie compensation to the litigation result in the sense contemplated under common notions of contingent fee agreements. In comparison, Georganna sought an award under AS 25.24.140(a). That statute conditions awards not on the litigation outcome, but on the relative economic positions of the parties.[9]

Duane also argues that the arrangement is, in essence, a contingency arrangement because Georganna's attorneys would not be paid unless the court awarded fees, and because the court could not award fees under AS 25.24.140(a) unless there was a divorce. Thus, he reasons that the payment to the lawyers was contingent on granting the di-

---

**6.** The record demonstrates that payment to Georganna's attorneys was not contingent upon her obtaining a divorce. Duane and Georganna were divorced by superior court order on January 27, 1999. At that time, Georganna's attorneys had worked only 5.9 hours on her case. Following the divorce order, they worked an additional 152.4 hours. Therefore most of her attorneys' efforts involved advocating her interests in child custody and property matters, not securing her divorce.

**7.** 922 P.2d 248, 262–67 (Alaska 1996) (holding that in determining compensable value of services attorneys rendered to class of plaintiffs, for purposes of determining award of attorney fees

under Rule 82—providing for award to prevailing party in civil class action in which class representatives agreed to pay attorneys whatever fees court awarded—trial court may consider risk enhancement and apply common fund analysis).

**8.** *See id.* at 262.

**9.** *See Jones*, 835 P.2d at 1179–80 ("The 'prevailing party' standard of Rule 82 does not apply in divorce actions. Instead, the court must base an award of fees on the parties' relative economic situations and earning power." (citations omitted)).

vorce Georganna sought. But Duane cites no authority to support his premises. Our decision in *Coleman v. Coleman* suggests that an attorney's fee award in domestic proceedings will not turn on whether the underlying proceeding is formally a proceeding to obtain a divorce.[10] We assumed for the sake of argument that the ex-spouses in that case had been fully divorced before their custody and support disputes were litigated.[11] Nevertheless, we held that the ex-wife could recover attorney's fees incurred during the post-divorce proceedings under the rule that "[a]n award of attorney's fees in a 'case between unmarried individuals . . . limited to issues of child custody and support' is 'based on [their] relative economic situations and earning powers.' "[12]

Under *Coleman*, Georganna's relative economic disadvantage made her eligible for a fee award regardless of whether the proceedings for which she sought compensation secured her divorce, or dealt with custody and support. Duane cites no authority to support his argument that Georganna's fee arrangement was contingent because, he theorizes, fees could not be recovered or paid unless divorce was granted. As we have seen, Duane's underlying assumption is incorrect. In any event, we are unpersuaded by his unsupported argument. We conclude that no prohibition against contingent attorney's fees agreements in domestic matters precluded the superior court from exercising its discretion.

Duane also argues that Georganna's fee arrangement was undesirable because it gave her attorneys financial incentive to litigate. We are not persuaded that any such incentives resulted in excessive attorney's fees in this case. In fact, the superior court noted that "counsel made active efforts to settle the case, in contrast to the very legitimate concern that contingency fee arrangements in divorce cases operate to prolong and exacerbate litigation, not to resolve it." Further, Duane does not claim on appeal that the award was excessive or that Georganna's counsel spent too many hours litigating in

the superior court. Any potential for overzealous representation was not realized here. To the extent such agreements could encourage excessive legal efforts, the remedy lies in adjusting the amount of the award, not in adopting a rule that would require complete denial on grounds of public policy.

## IV. CONCLUSION

We therefore AFFIRM the superior court's award of attorney's fees and costs to Georganna.

---

**10.** *See Coleman*, 968 P.2d at 573–74.

**11.** *See id.* at 573.

**12.** *Id.* (citations omitted).